UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PAULINE JEANNETTE
RENAUD,

    Plaintiff,

v.   Case No.:  2:23-cv-191-JLB-KCD

HOBBY LOBBY STORES, INC.
and JANE DOE,

    Defendants.
_____/

## ORDER

Before the Court is Plaintiff Pauline Renaud's Motion for Leave to Amend Complaint and Remand to State Court. (Doc. 22.) Defendant Hobby Lobby Stores, Inc. responded (Doc. 23), making this matter ripe. For the reasons below, Renaud's motion is granted.

## I. Background

Renaud, a Florida citizen, sued Hobby Lobby and its employee "Jane Doe" in state court after Doe allegedly hit her with a shopping cart. (Doc. 6.) Hobby Lobby, an Oklahoma corporation, then removed the case to federal court under diversity jurisdiction. (Doc. 1.)

Renaud sought to learn Jane Doe's identity before removal but did not succeed. (*See* Doc. 12.) Once in federal court, Renaud continued her efforts by

moving to compel. (*Id.*) This issue came to a head at the preliminary pretrial conference, where Hobby Lobby identified the employee as Heather Johnson. (Doc. 17.)

Renaud now moves to amend the complaint to replace Jane Doe with Johnson. (Doc. 22.) Johnson is also a Florida citizen, and thus Renaud likewise seeks a remand since the amendment will destroy diversity. (*Id.*) Hobby Lobby opposes both requests, claiming "the purpose [of Renaud's] amendment is to defeat diversity jurisdiction." (Doc. 23 at 2.) Thus, the motion should be denied under 28 U.S.C. § 1447(e).

## II. Legal Standard

Federal district courts have subject matter jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States." 28 U.S.C. § 1332. A case originally filed in state court may be removed to federal court when the requirements of § 1332 are satisfied. *See* 28 U.S.C. § 1441(a). But this type of subject matter jurisdiction, "as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant." *Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1564 (11th Cir. 1994). And "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).

2

A district court faced with the issue of whether to permit or deny the joinder of a non-diverse party, as sought here, has two options under § 1447(e): (1) deny joinder or (2) permit joinder and remand the case to state court. *Ingram v. CSX Transp., Inc.*, 146 F.3d 858, 862 (11th Cir. 1998). In deciding between these options, the court must balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits. *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). These factors are often considered in this undertaking: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in asking for amendment, (3) whether the plaintiff will be significantly injured if the amendment is not allowed, and (4) any other factors bearing on the equities. *Id.*

### III. Discussion

Hobby Lobby does not dispute that Johnson is a relevant party who could typically be added to the case through an amended pleading. Its argument, rather, is that Renaud cannot include Johnson under § 1447(e) since she will destroy diversity. According to Hobby Lobby, Renaud's motive is to defeat federal jurisdiction, particularly since the case already involves a fully solvent defendant. (Doc. 23 at 4.) As explained below, the Court is not persuaded.

"As to the first factor [under § 1447(e)], in determining a plaintiff's motive in seeking joinder, courts consider whether the plaintiff knew about the

3

non-diverse defendant before removal and yet sought to add the party for the first time after removal." *Hickerson v. Enter. Leasing Co. of Georgia, LLC*, 818 F. App'x 880, 885 (11th Cir. 2020). This is not a case in which Renaud is seeking to add a new party only after arriving in federal court. She has tried to sue Johnson since the beginning, as evident by the original complaint that names "Jane Doe." Apart from using the pseudonym to hold Johnson's place, Renaud has shown unwavering determination in her pursuit to reveal Johnson as the unknown employee. (*See* Doc. 12.) This all lends credibility to her motive and supports the notion that Renaud's desire to have Johnson at the defense table during trial is genuine. *See, e.g.*, *Kleopa v. Prudential Inv. Mgmt., Inc.*, No. 08-81386-CIV, 2009 WL 2242606, at *1 (S.D. Fla. July 27, 2009).

It's also important to consider the underlying facts. This is not a case where Renaud seeks to add a defendant who is tangentially related to the claim. According to the complaint, Johnson is the active tortfeasor. It is well-settled that officers or agents of corporations can be held personally liable for their tortious acts, even if performed within the scope of their employment. *See McElveen By & Through McElveen v. Peeler*, 544 So. 2d 270, 270 (Fla. Dist. Ct. App. 1989). By including Johnson, Renaud seeks to ensure that all potentially liable parties are held accountable. This is a key distinction from the litany of cases Hobby Lobby cites where the defendant sought to be added had little (or no) involvement in the underlying tort. (Doc. 23 at 5-6 (*citing Scipione v.*

*Advance Stores Co.*, No. 8:12-CV-687-T-24-AEP, 2012 WL 3105199, at *3 (M.D. Fla. July 31, 2012), *Rutsky v. Target Corp.*, No. 12-61828-CIV, 2012 WL 5604620, at *3 (S.D. Fla. Nov. 15, 2012), *Linares v. Home Depot U.S.A., Inc.*, No. 12-60308-CIV, 2012 WL 1441577, at *1 (S.D. Fla. Apr. 26, 2012).) Against this backdrop, the first factor does not suggest fraudulent joinder.

As for the second factor, "[a] plaintiff is dilatory in adding a non-diverse party when the plaintiff waits an unreasonable amount of time before asking for an amendment, despite having been able to ascertain the party's role in the suit all along." *Hickerson*, 818 F. App'x at 886. This factor likewise favors Renaud. She moved to add Johnson only days after learning her name, which was previously unknown. Renaud's motion was also filed before the deadline to add or join parties. And finally, as mentioned, the complaint has always included a pseudonym for Johnson. *See Nichols v. Circle K Stores, Inc.*, No. 1:21-CV-258-TFM-M, 2021 WL 2815973, at *2 (S.D. Ala. July 6, 2021).

Hobby Lobby's argument that Renaud had ample time to identify and include Johnson as a defendant is unpersuasive. (Doc. 23.) According to Hobby Lobby, Renaud "had over two years from the time of the accident to her filing of this lawsuit, more than enough time to perform a more diligent inquiry into the involved parties." (*Id.* at 7.) But nowhere does Hobby Lobby explain how Renaud was to undertake a "diligent inquiry" without the benefit of discovery or subpoena power. In any event, Renaud claims she tried to discover the

5

employee but was stonewalled. No matter what version is accurate, Renaud's actions prove she has always sought to include Johnson. And her prompt action in filing the motion to amend after obtaining the necessary information shows she views Johnson as more than a pawn to defeat diversity.

Under the third factor, the Court considers whether Renaud would be significantly injured if the amendment was not allowed. The absence of Johnson as a defendant does pose some harm. Renaud has a rightful claim to seek compensation from Johnson, who is alleged to be the primary wrongdoer. Focusing solely on pursuing damages against Hobby Lobby, a well-known corporate entity without active negligence, could raise doubts among the jury. The strategic disadvantage and potential prejudice caused by Johnson's absence supports Renaud's motion. *See, e.g.*, *Kleopa*, 2009 WL 2242606, at *3.

As for the fourth, catch-all factor, Hobby Lobby drives no other argument except fraudulent joinder. But as discussed, Renaud's conduct does not suggest fraudulent joinder, as she intended to sue Johnson from the beginning and promptly sought to include her as a defendant when her identity was disclosed. At bottom, then, this is not a case where Renaud got to federal court only to add Johnson to avoid the forum. By all accounts, Renaud intended to sue Johnson and did so when she could. The Court is thus satisfied that Renaud's conduct passes muster under § 1447(e).

Accordingly, it is **ORDERED**:

1. Renaud's Motion for Leave to Amend Complaint and Remand to State Court (Doc. 22) is **GRANTED**.

2. Renaud is directed to file an amended complaint naming Johnson by June 14, 2023.

3. If no objections are filed within 14 days of this order, which is the time allotted under Fed. R. Civ. P. 72, the Clerk is directed to remand this case back to state court by transmitting a certified copy of this Order to the clerk of court for the Twentieth Judicial Circuit in and for Lee County, Florida. Following remand, the Clerk is directed to deny any pending motions, terminate all deadlines, and close the case.

4. If objections are timely filed, the Clerk is directed to hold disposition until ordered by the District Judge.

**ENTERED** in Fort Myers, Florida this June 12, 2023.

Kyle C. Dudek
United States Magistrate Judge

Copies: All Parties of Record